UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIA MUNOZ and PRISCILLA SWIFT,

                Plaintiffs,

v.                                       **DECISION AND ORDER**
                                                19-CV-1312S

COASTAL CAPITAL PROCESSING, LLC,
dba BOURNVIEW RECOVERY GROUP,

                Defendant.

Before this Court is Defendant's motion to withdraw as attorney (Docket No. 32), filed the day Defendant's response to Plaintiff's Motion to Strike was due. (See Text Order, Docket No. 31.) For the following reasons, Defendant's motion is denied without prejudice.

Local Rule 83.2 (c)(4) states, in pertinent part, that "an attorney who seeks to withdraw or be substituted as counsel shall file a motion, which must be served upon the client and all other counsel of record."

Defense counsel's named client is Coastal Capital Processing, LLC. There are several ways to serve a corporation or similar entity under the Federal Rules.

> [A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4 (h).

Rule 4 (e)(1) allows for service pursuant to the state law for service in the state where the district court is located or where service is made. Fed. R. Civ. P. 4 (e)(1). New York law allows service of a limited liability corporation by delivering a copy personally to: any member of a member-managed limited liability company in the state; any manager of a manager-managed limited liability company in the state; any other agent authorized by appointment to receive process; or any other person designated by the limited liability company to receive process. N.Y. C.P.L.R. § 311-a. Service of process upon a limited liability company may also made in person upon the Secretary of State. N.Y. Ltd. Liab. Co. Law § 303 (a). If service is impracticable by these means, an L.L.C. may be served "in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. § 311-a (b).

Defendant's counsel does not submit proof that he has served his client by any of the means provided in the relevant laws. Nor has he moved this Court for permission to serve his client in another manner. He asserts in his motion that he "advised Defendant of [his] intention to withdraw…, but never received a response or objection." (Docket No. 32 at p. 2.) In his certificate of service, he asserts that he "notified Defendant via email address for my last client liaison." (Id. at p. 3.)

This Court finds that this does not constitute sufficient service. Defense counsel's motion is denied for this reason.

IT HEREBY IS ORDERED, that Defendant's Motion to Withdraw as Attorney (Docket No. 32) is DENIED WITHOUT PREJUDICE.

FURTHER, that Defendant's Response to Plaintiff's Motion to Strike is due within

7 days of the entry date of this order. Defendant is cautioned that failure to do so may result in Plaintiff's motion being granted as unopposed, pursuant to Local Rule 7 (a)(2)(A).

SO ORDERED.

Dated:  July 20, 2021
        Buffalo, New York

                                                        s/William M. Skretny
                                                        WILLIAM M. SKRETNY
                                                        United States District Judge