UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIA MUNOZ and PRISCILLA SWIFT,

        Plaintiffs,

     v.

COASTAL CAPITAL PROCESSING, LLC,
d/b/a/ Bournview Recovery Group,

        Defendant.

**DECISION AND ORDER**

19-CV-1312S

## I.  INTRODUCTION

This is a Fair Debt Collection Practices Act ("FDCPA") action arising from Defendant Coastal Capital Processing, LLC's ("Coastal") communications with Plaintiff Swift regarding a debt owed by her mother, Plaintiff Munoz. Before this Court is Plaintiffs' motion to strike Coastal's answer. This Court will grant Plaintiffs' motion for the following reasons.

## II.  BACKGROUND

On September 25, 2019, Plaintiffs filed a complaint alleging that Coastal had violated the FDCPA and invaded Munoz's privacy by calling Munoz's daughter, Swift, in an attempt to collect Munoz's debt. (Docket No. 1.) Plaintiffs allege that Coastal disclosed confidential information to Swift and threatened a lawsuit against her mother. (Id.)

Defendant was served on October 21, 2019. (Docket No. 4.) The Clerk of Court made an entry of default on November 20, 2019. (Docket No. 6.) Defendant then filed an answer, which this Court directed the Clerk to strike due to the prior entry of default. (See

Docket Nos. 7, 8.) On February 19, 2020, pursuant to a stipulation by the parties, this Court vacated the Clerk's entry of default and deemed Defendant's answer timely filed. (Docket No. 12.) This Court then referred the case to Magistrate Judge Leslie G. Foschio for supervision of discovery. (Docket No. 13.)

Defendant failed to comply with any of Judge Foschio's discovery orders. On October 20, 2020, Judge Foschio granted Plaintiffs' motion to compel discovery and later awarded Plaintiffs attorney's fees for prosecuting that motion. (See Docket Nos. 20, 24.) These fees were assessed solely against Defendant's counsel, who failed to respond to Judge Foschio's order to show cause regarding the imposition of attorney's fees. (See Docket No. 26.) The record shows that Defendant's counsel eventually paid the fees. (See Docket Nos. 27, 34.)

On June 10, 2021, Plaintiffs filed the instant motion to strike Defendant's answer, arguing that Defendant's failure to comply with discovery orders warranted this extreme measure. (See Docket No. 28.) In response, Defendant's counsel moved to withdraw, asserting in an accompanying affidavit that his client had gone out of business and ceased paying him, and that he had no way of contacting it. (Docket No. 32.) This Court denied the motion without prejudice, finding that counsel had failed to serve his motion to withdraw on his client as required by Local Rule 83.2 (c)(4). (Docket No. 33.) In his subsequent response to Plaintiffs' motion to strike, Defendant's counsel stated that his client had ceased operations, that he had no way of contacting it, and that the best course for Plaintiffs would be to seek default judgment in this matter. (Docket No. 34 at p. 2.) In reply, Plaintiffs pointed out that Defendant's counsel clearly did not oppose their plan to pursue default judgment and that the presence of the answer on the record was the only

obstacle to pursuing that remedy. (Docket No. 35 at p. 1.) Plaintiffs also indicated that Defendant has twice received Paycheck Protection Program funds, belying its counsel's assertion that it has gone out of business. (Id. at p. 2.)

### III.   DISCUSSION

Plaintiff moves to strike Defendant's answer as a sanction for failure to comply with Judge Foschio's discovery orders and as a way to enable Plaintiff to seek default judgment.

### A.   Motion to Strike

A court may order sanctions under Rule 37(b)(2)(A) "[i]f a party ... fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Possible sanctions may include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii).  "Striking an answer, like dismissal or entry of default, is a drastic remedy generally to be used only when the district judge has considered lesser alternatives... [, and it is] only appropriate if failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned.'" Pelgrift v. 355 W. 51st Tavern Inc., No. 14-CV-8934 (AJN), 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016) (quoting S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (internal citations omitted)).

"Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his [or her] non-compliance." Lemus v. Pezzementi, No.

15CV5592 (NSR)(LMS), 2017 WL 9534744, at *2 (S.D.N.Y. Aug. 11, 2017), <u>report and recommendation adopted,</u> No. 15CV5592NSRLMS, 2017 WL 4174809 (S.D.N.Y. Sept. 19, 2017) (citing <u>Nieves v. City of New York</u>, 208 F.R.D. 531, 535 (S.D.N.Y. 2002). "[T]hese factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for [a court] to conclude that those sanctions were within the court's discretion." <u>S. New England Tel. Co.</u>, 624 F.3d at 144 (citation omitted).

### B.    Defendant's answer will be stricken.

This Court finds that the imposition of sanctions is appropriate.

First, Defendant's refusal to defend this case demonstrates willfulness. <u>See Baba v. Japan Travel Bureau Int'l, Inc.</u>, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996) ("Noncompliance with discovery orders is considered wilful [sic] when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.") (citations omitted), <u>aff'd</u>, 111 F.3d 2 (2d Cir. 1997). In his order granting Plaintiffs' motion to compel discovery, Judge Foschio directed Defendant to respond to Plaintiffs' document production requests and interrogatories within 20 days of the entry of that order. (Docket No. 23 at p. 3.)  Defendant failed to comply with this order and has not offered any reason for its failure to comply. Defense counsel now states that his telephone calls and emails to Defendant go unanswered. (Docket No. 34 at p. 2.) It appears that Defendant is willfully avoiding defending this case.

Second, because the imposition of attorney's fees on its attorney did not compel

Defendant to comply with court orders, it is clear that lesser sanctions would have no impact. "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." S. New England Tel. Co., 624 F.3d at 148 (citation omitted).

The duration of Defendant's noncompliance also weighs in favor of granting Plaintiffs' motion to strike. Defendant's noncompliance has lasted at least since its failure to comply with Judge Foschio's case management order of June 2, 2020. (Docket No. 19.) As for warning, this Court finds that Plaintiffs' motion to strike Defendant's answer put Defendant on notice that striking was a remedy this Court would consider.

This Court finds that striking Defendant's answer is the proper sanction for Defendant's failure to follow any court orders, to engage in discovery, and, ultimately, to allow Plaintiffs to seek relief. As an additional basis for striking Defendant's answer, Defendant's counsel does not indicate that he opposes this remedy.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion to strike is granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Strike (Docket No. 28) is GRANTED.

FURTHER, that the Clerk of Court is directed to STRIKE Defendant's answer. (Docket No. 11.)

SO ORDERED.

Dated: November 4, 2021
         Buffalo, New York

_____
        /s/ William M. Skretny
       WILLIAM M. SKRETNY
       United States District Judge