UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIA MUNOZ and PRISCILLA SWIFT,

    Plaintiffs,

    v.

COASTAL CAPITAL PROCESSING, LLC,
d/b/a/ Bournview Recovery Group,

    Defendant.

**DECISION AND ORDER**

19-CV-1312S

## I. INTRODUCTION

Before this Court is Plaintiffs' motion for default judgment. Defendant has neither responded to Plaintiffs' motion nor retained counsel as directed. This Court will grant Plaintiffs' motion for the following reasons.

## II. BACKGROUND

On September 25, 2019, Plaintiffs filed a complaint alleging that Coastal had violated the FDCPA and invaded Plaintiff Maria Munoz's privacy by calling Munoz's daughter, Plaintiff Patricia Swift, in an attempt to collect Munoz's debt. (Docket No. 1.) Plaintiffs allege that Coastal disclosed confidential information to Swift and threatened a lawsuit against her mother. (Id.)

Defendant was served on October 21, 2019. (Docket No. 4.) The Clerk of Court made an entry of default on November 20, 2019. (Docket No. 6.) Defendant then filed an answer, which this Court directed the Clerk to strike due to the prior entry of default. (See Docket Nos. 7, 8.) On February 19, 2020, pursuant to a stipulation by the parties, this Court vacated the Clerk's entry of default and deemed Defendant's answer timely filed.

(Docket No. 12.)

On June 10, 2021, Plaintiffs moved to strike Defendant's answer. (See Docket No. 28.) In response, Defendant's counsel moved to withdraw, asserting in an accompanying affidavit that his client had gone out of business and ceased paying him, and that he had no way of contacting it. (Docket No. 32.) This Court denied the motion without prejudice, finding that counsel had failed to serve his motion to withdraw on his client as required by Local Rule 83.2 (c)(4). (Docket No. 33.) In his subsequent response to Plaintiffs' motion to strike, Defendant's counsel stated that his client had ceased operations, that he had no way of contacting it, and that the best course for Plaintiffs would be to seek default judgment in this matter. (Docket No. 34 at p. 2.)

This Court granted Plaintiffs' motion to strike Defendant's answer on November 4, 2021. (Docket No. 36.) Plaintiffs then requested a Clerk's entry of default, and on January 14, 2022, the Clerk of Court made an entry of default. Plaintiffs moved for default judgment on August 31, 2022, (Docket No. 40), after which Defendant's counsel renewed his motion to withdraw as counsel. (Docket No. 42.) This Court granted Defendant's counsel's motion on September 15, 2022, finding that counsel had made reasonable attempts to serve its client pursuant to Local Rule. 83.2 (c)(3). (Docket No. 43.) At that time, this Court notified Defendant that it was required to be represented by counsel. (Id.) On November 9, 2022, this Court held a show cause hearing on Plaintiffs' motion for default judgment, at which Defendant failed to appear. (Docket No. 45.) At that time, Plaintiff's counsel discussed service of Defendant and later submitted briefing further discussing his attempts to serve Defendant. (Docket No. 47.)

2

### III.  DISCUSSION

Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55 (a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Fed. R. Civ. P. 8 (b)(6).

Pursuant to Federal Rule of Civil Procedure 55 (b), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55 (b). This Court has received Plaintiffs' affidavit of service and the supplemental briefing in which Plaintiffs detail service of the instant motion on Defendant's former counsel, who is designated to receive process with New York's Secretary of State (Docket Nos. 46, 47), and finds service proper.

As set forth in the complaint, the facts are straightforward: some years ago, Plaintiff Maria Munoz incurred a debt for a payday loan taken out for personal purposes. (Docket No. 1, ¶ 8.) Plaintiff Patricia Swift, Munoz's daughter, later began receiving calls from Defendant in connection with the collection of Munoz's debt. (Id., ¶ 9.) During the calls to Swift, Defendant falsely threatened Swift with a lawsuit against Munoz and disclosed personal information regarding Munoz's debt. (Id., ¶¶ 11, 13.) Both Munoz and Swift suffered concern and annoyance resulting from Defendant's calls (Id., ¶ 1.)

In considering whether to enter default judgment, the court must determine

3

whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. Fed. R. Civ. P. 55 (b)(2). "In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1992)). A hearing is not required as long as the court ensures that there is a basis for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

Fifteen U.S.C. § 1692c (b) provides that a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency under certain conditions, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c (b). Fifteen U.S.C. § 1692d provides that a debt collector may not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Fifteen U.S.C. § 1692e (5) provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the threat to take any action that is

4

not intended to be taken. 15 U.S.C. § 1692e (5).

Here, Plaintiffs allege that Defendant's agents, in attempting to collect Munoz's debt, contacted a third party, her daughter. They further allege that Defendant threatened to file a lawsuit without intending to actually do so and in so doing harassed Plaintiffs. This Court finds that Munoz has alleged facts sufficient to state a claim under the FDCPA.

Section 1692k (a)(2)(A) of the FDCPA authorizes up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1).

Here, Defendant is deemed to have admitted to violating the FDCPA by contacting Munoz's daughter and by falsely threatening Munoz, through her daughter, with a lawsuit. Plaintiffs inconsistently request both $1,000 and $500 at different times. (Docket No. 40 at p. 4.) Awards of the $1,000 statutory maximum are typically granted only in cases where a defendant's violations are "particularly egregious or intimidating." Warman v. Law Office of Daniel M. Slane, No. 14-CV-700(LJV), 2017 WL 971196, at *3 (W.D.N.Y. Mar. 13, 2017) (quoting Cordero v. Collection Co., No. 10 CV 5960(SJ)(VVP), 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012)). Defendant's actions in this case involved contacting Munoz's daughter and threatening legal action, but Plaintiffs do not allege that this was

5

an ongoing matter. Under these circumstances, this Court finds that the violations against Munoz entitle her to a total of $500 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). See Lepski v. Bayside Cap. Servs., LLC, No. 19-CV-1677S, 2020 WL 4192245, at *2 (W.D.N.Y. July 21, 2020) (awarding $500 in damages where defendant called Plaintiff's family members and threatened legal action but Plaintiff did not allege that this was an ongoing matter that happened more than a few times), Flores v. Cred X Debt Recovery, LLC, No. 15-CV-315, 2019 WL 4887571, at *3 (W.D.N.Y. Oct. 3, 2019) ("In light of the circumstances—three non-threatening voicemails—$250 is an appropriate amount of damages"); Twarozek v. Midpoint Resolution Group, LLC, No. 09-CV-731S, 2011 WL 3440096, at *4 (W.D.N.Y. August 8, 2011) (awarding $250 for violation consisting of one improper telephone call made by defendant in addition to its improper disclosure of information to a third party and false representations).

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. See 15 U.S.C. § 1692k(a)(3) (party prevailing in FDCPA action entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court"). "The Court has broad discretion to determine whether the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." Eades v. Kennedy, PC. L. Offs., 343 F. Supp. 3d 104, 106–07 (W.D.N.Y. 2018) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The calculation of reasonable hours is "best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation." Dagostino v. Computer Credit, Inc., 283 F. Supp.3d 404, 413-414 (E.D.N.Y.

2017) (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)).

In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty of Albany, 493 F.3d 110, 117 (2d Cir. 2007). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. Simmons v. New York City Transit Auth., 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, this court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

Plaintiffs' attorney Jonathan Hilton requests an hourly rate of $330 per hour. He indicates that he has represented over one hundred plaintiffs in FDCPA cases. (Docket No. 6-2 at p. 2.) This Court has previously awarded him $300 per hour for work in similar cases and, in general, an hourly rate of $300 is reasonable for an experienced FDCPA attorney in this district. See Faulkner v. Eastpoint Recovery Grp., 19-CV-1262, 2020 WL 7711278, at *2 (W.D.N.Y. 2020) (collecting cases). In this case, Plaintiff asks this Court to increase his hourly fee due to inflation in 2020 and 2021 and to apply the increase retroactively because of the delays caused by Defendant's inaction. In this particular case, this Court finds $330 per hour to be appropriate, given the delays caused by Defendant's conduct.

Munoz seeks $200 per hour for work by first-year associates and $110 per hour

7

for law student law clerks. A reasonable hourly rate for attorney's fees in FDCPA cases ranges from about $200 to $300 per hour. Godson v. Eltman, Eltman, & Cooper, P.C., 328 F.R.D. 35, 61–62 (W.D.N.Y. 2018). This Court notes the straightforward nature of this litigation and the relative lack of experience of the associates, and finds that $200 per hour is reasonable for the work of first-year associates. See Warman v. Law Off. of Daniel M. Slane, No. 14-CV-700(LJV), 2017 WL 971196, at *4 (W.D.N.Y. Mar. 13, 2017) (finding the hourly rates of $275, $225, and $200 to be reasonable for the respective attorneys in an FDCPA default judgment action "in light of such considerations as the level of skill required to perform the legal services in this case, the amount involved and the results obtained, and the experience and ability of the attorneys"). This Court also finds $110 per hour for student law clerks to be reasonable. See Buffalo Transportation, Inc. v. Frezer Bezu, No. 16CV1032V, 2020 WL 1695556, at *5 (W.D.N.Y. Feb. 19, 2020), report and recommendation adopted, No. 16-CV-1032, 2020 WL 1694714 (W.D.N.Y. Apr. 7, 2020) (approving rate of $110 per hour for student law clerk soon to be admitted to practice). This Court will therefore award Munoz an hourly rate of $200 per hour for the first-year associate work and $110 per hour for the student law clerk work done on her case.

The rate of $50 per hour for paralegal work is also reasonable, as are the 6.8 hours of attorney time and .5 hour of paralegal time billed in this case. See Lepski, 2020 WL 4192245, at *4 (finding 9.7 hours of attorney time to be reasonable in a FDPA case); Engler v. Atl. Res. Mgmt., LLC, No. 10-CV-968S, 2012 WL 464728, at *5 (W.D.N.Y. Feb. 13, 2012) (finding 10.4 hours of attorney-time, and .9 hours secretarial/paralegal work, to be reasonable in FDCPA case).

Using the rates discussed above, this Court awards attorney's fees to Munoz in the amount of $1,611. This Court also awards costs in the amount of $460. (See Docket No. 40 at p.8.)

## IV.  ORDERS

IT HEREBY IS ORDERED, that Munoz's Motion for Default Judgment on her first cause of action (Docket No. 40) is GRANTED.

FURTHER, that Munoz's second cause of action is dismissed without prejudice.

FURTHER, that Patricia Swift's claims are dismissed without prejudice.

FURTHER, that Munoz is awarded $500 in statutory damages, $1,611 in attorney's fees, and $460 in costs.

FURTHER, that the Clerk of Court is directed to enter a total judgment against Defendant in the amount of $2,571.00 consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     November 17, 2022
           Buffalo, New York

                                                    s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                 United States District Judge